UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK E. SCHAEFER,

                Plaintiff,                        Case No. 06-12735
                                                  HON. BERNARD A. FRIEDMAN

vs.

                                                  MAG. JUDGE DONALD A. SCHEER

JOHN E. POTTER, Postmaster
General United States Postal Service,

                Defendant.

_____/

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO AND ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION GRANTING DEFENDANT'S MOTION TO DISMISS COUNTS 1-4 AND 9-10 OF PLAINTIFF'S COMPLAINT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS TO THE BALANCE OF PLAINTIFF'S COMPLAINT**

I.      **INTRODUCTION**

      This matter is before the Court on Magistrate Judge Donald A. Scheer's January 17,

2007, Report and Recommendation ("R & R"). Magistrate Judge Scheer recommended that the

Court grant Defendant's Motion to Dismiss Counts 1 through 4, 9 and 10 of Plaintiff's

complaint, and that the Court grant Defendant's motion for summary judgment as to the balance

of the complaint. Plaintiff filed a timely objection to the R & R. Defendant did not file a

response to Plaintiff's objection. The Court has reviewed this matter de novo as required under

FED. R. CIV. P. 72(b) and will accept and adopt the Magistrate Judge's R & R.

      As a result of its de novo review, the Court finds that the Magistrate Judge's recitation of

the facts in this matter is accurate.  Accordingly, the Court will adopt the Magistrate Judge's

factual record, contained in the R&R at pages 3 through 11.

**II.**     <u>**ANALYSIS**</u>

Plaintiff's 62 page pro se Complaint and 38 page "Response and Objections to

Magistrate's Report and Recommendation" ("Objections") is difficult to comprehend and

impossible to briefly summarize.  The Complaint presents ten "issues," all relating to Plaintiff's

former status as an employee of the United States Postal Service ("USPS"), the events leading to

the termination of his employment, and his current status as a disability benefits recipient.

Plaintiff's Objections lists 26 "Issues Presented."  The list of such issues can be found on pages 5

through 7 of Plaintiff's Objections.

The R & R properly characterized Plaintiff's claims as follows:

(1)     Whether Plaintiff was denied a reasonable accommodation for his mental disability when

he was not returned to work at the postal service on June 28, 2000 or March 1, 2001;

(2)     Whether Plaintiff was improperly discharged on the basis of his mental disability when

he was removed from the postal service under an administrative disability separation

effective June 1, 2001;

(3)     Whether Plaintiff was discriminated against because of his mental disability or in

retaliation for prior EEO activity when:

(a)     he was physically assaulted by his supervisor on July 5, 1997;

(b)     he was not permitted to return to work at the postal service on March 1, 2001;

c)     he was denied use of the employee's entrance at the Livonia Postal Facility;

(d)     he was not allowed to participate in the postal food drive;

(e)     his personal mail was pulled without authorization;

(f)     his union representative refused to change the location of his arbitration hearing on June 15, 2001;

(g)     the Livonia Postmaster sent an ambiguous letter on June 20, 2001 to trap Plaintiff into a federal arrest;

(h)     he was denied a meeting for retirement counseling between June 15 and 22, 2201.

Plaintiff cites numerous statutes in support of his claims, including Title VII of the Civil Rights Act of 1964 ("Civil Rights Act"), 42 U.S.C. § 2000 *et seq.*, The Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12131 *et seq.*, the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, the Rehabilitation Act of 1973 ("RA"), 29 U.S.C. § 701 *et seq.*, and the Federal Employees Compensation Act ("FECA"), 5 U.S.C. § 8101 *et seq.*

The primary basis of Plaintiff's Complaint is handicap discrimination.  Plaintiff is a benefits recipient under FECA.  Authority to administer, interpret and enforce the provisions of FECA is vested exclusively in the Office of Worker's Compensation Programs ("OWCP") through the Secretary of Labor.  5 U.S.C. § 8128.  As explained in the briefs and thoroughly summarized throughout the R & R, the OWCP made a determination that Plaintiff is disabled from any work within the Postal Service.  FECA dictates that OWCP determinations of law and fact regarding compensation for federal disability status are not reviewable.  5 U.S.C. § 8128(b); Lindahl v. Office of Personnel Management, 470 U.S. 768, 780 (1985).  Accordingly, Plaintiff cannot collaterally attach the OWCP determination in this Court.  Woods v. Runyon, 64 F.3d 664 (6th Cir. 1995).  Accordingly, the R&R finding that Plaintiff's handicap discrimination/failure to accommodate claim under the RA must be dismissed is affirmed, and

3

those claims contained in Counts 1 through 3 of Plaintiff's Complaint are dismissed.

The balance of the claims asserted in Counts 2 and 3 of Plaintiff's Complaint must also be dismissed.  Counts 2 and 3 assert claims under Title VII.  However, Title VII does not proscribe employment discrimination based on handicap, and Plaintiff has not alleged any other form of discrimination.  Count 3 further asserts violations of the ADA and the RA.  While the ADA does prohibit handicap-based discrimination, Plaintiff's recourse as a federal employee is available only under the RA.  However, as explained above, and in the R & R, relief under that statute is foreclosed by FECA's prohibition of court review of OWCP findings.  Counts 1 through 3 are dismissed in their entirety.

Counts 4 through 10 are also dismissed in their entirety.  Counts 4, 9 and 10 are premised specifically on provisions of the FTCA, based directly upon previous claims made under FECA as a result of Plaintiff's altercation with his supervisor.  As the R & R properly explained, a plaintiff who has availed himself of the remedies available under FECA, as Plaintiff here has, may not maintain a second action under the FTCA arising out of the same injury, even if FECA did not afford the plaintiff all of the elements of damage that he could have obtained under FTCA.  R & R, p. 26 *quoting* Lockheed Aircraft Corp. v. United States, 460 U.S. 190, 193-94 (1983), and *citing* Jones v. Tennessee Valley Authority, 948 F.2d 258 (6th Cir. 1991).

Finally, the Magistrate Judge was correct in concluding that the balance of Plaintiff's claims, consisting of Counts 5 through 8 and a portion of Count 9 are each insufficient to state a claim and/or are factually unsupported.

III.   **ORDER**

Accordingly, for the reasons stated herein,

IT IS ORDERED that the Plaintiff's Objections to the Magistrate Judge's Report and

Recommendation are overruled.

IT IS FURTHER ORDERED that the Magistrate Judge's Report and Recommendation is

accepted and adopted.

IT IS FURTHER ORDERED that Defendant's Partial Motion for Summary Judgment is

GRANTED.

IT IS FURTHER ORDERED that Defendant's Partial Motion to Dismiss is GRANTED.

Dated: April 17, 2007                           __s/Bernard A. Friedman_____
       Detroit, Michigan                        BERNARD A. FRIEDMAN
                                                CHIEF UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document
was served this date upon counsel of record
electronically and/or via first-class mail.

_____/s/ Patricia Foster Hommel_____
        Patricia Foster Hommel
    Secretary to Chief Judge Friedman

5