UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK E. SCHAEFER,

       Plaintiff,

vs.

JOHN E. POTTER, Postmaster
General United States Postal Service,

       Defendant.
_____/

Case No. 06-12735
HON. BERNARD A. FRIEDMAN

MAG. JUDGE DONALD A. SCHEER

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO CORRECT THE RECORD

**I.    Introduction**

This matter is before the Court on Plaintiff's motion to correct the record. Presumably, Plaintiff seeks to correct the record in preparation for his pending appeal(s) to the Sixth Circuit.

In his motion, Plaintiff lists sixteen alleged defects in his complaint and in the docket entries for this case.

**II.    Rule of Law**

Normally, the record on appeal consists of "the original papers and exhibits filed in the district court," "the transcript of proceedings, if any" and "a certified copy of the docket entries prepared by the district clerk." Fed.R.App.P. 10(a). However, "if anything material to either party is omitted from or misstated in the record by error or accident, the rule allows "the omission or misstatement [to] be corrected and a supplemental record [to] be certified and forwarded." Fed.R.App.P. 10(e)(2). Rule 10(e) allows correction of the record either by

1

agreement of the parties, by order of the district court, or by order of the court of appeals. Fed.R.App.P. 10(e)(2). In general, the appellate court should have before it the record and facts considered by the District Court." United States v. Barrow, 118 F.3d 482, 487 (6th Cir. 1997).

**III. Analysis**

The Court will review each of Plaintiff's alleged defects in the order presented in the motion.

(1) Plaintiff alleges that it was "misled" into not including the United States as a named defendant for this case as to his claims four through ten in his complaint. Plaintiff is the "master of his complaint," and any allegations that others influenced his decision as to who to name as defendants is without merit. The Court will not add the United States as a named defendant.

(2) This allegation is unclear. Plaintiff appears to allege that the notice of appeal was titled incorrectly in the docket sheet. However, the linked document speaks for itself, and so any alleged error in its title is not "material" to the appeal as required by Fed.R.App.P. 10(e).

(3) Plaintiff alleges errors in the identification of a certificate of service. However, the linked document speaks for itself, and so any alleged error in its title is not "material" to the appeal as required by Fed.R.App.P. 10(e).

(4) Plaintiff alleges that his name is misspelled in the docket sheet. However, the linked documents, including Plaintiff's Complaint, are controlling, and so any alleged spelling errors are not "material" to the appeal as required by Fed.R.App.P. 10(e).

(5) Plaintiff claims that the docket sheet incorrectly states that he made a jury demand in his Complaint. While this is true, it is not material to the proceedings before the Court of Appeals. Should Plaintiff's Complaint return to this Court for the purpose of trial, the necessary correction regarding Plaintiff's desire for a bench trial will be made.

(6) Plaintiff claims that the jurisdiction designation on the docket sheet is wrong. He is incorrect. The jurisdiction designation states "U.S. Government," just as it does on his civil cover sheet.

(7) Plaintiff claims that there is no monetary "demand" listed on the docket sheet. Such alleged error in the docket sheet is not "material" to the appeal as required by Fed.R.App.P. 10(e).

(8)     Plaintiff alleges that docket listings 17-22 should be changed, so that each exhibit is named, as it is on docket listing number 9. The linked documents speak for themselves, regardless of how they are titled, and alleged error in their titles are not "material" to the appeal as required by Fed.R.App.P. 10(e).

(9)     Plaintiff seeks the addition of a certificate of service for an order that was allegedly filed on September 13, 2007. Since such date has not yet occurred, the Court has nothing that it can correct.

(10)    Plaintiff alleges that numerous affidavits were omitted from docket entries 8, 10, 13, 15, 16, 28, 19 and 33. Plaintiff is incorrect. While these affidavits were not itemized on the docket sheet, they are included in the electronic file that is attached to their respective docket numbers. The linked documents speak for themselves, and so any alleged errors in their descriptions are not "material" to the appeal as required by Fed.R.App.P. 10(e).

(11)    Plaintiff alleges that certificates of hearing were omitted from the docket entries for numbers 6, 8, 10, 15, 16, 28, 29, 32 and 33. Any certificates of service filed by the parties are included in the electronic file that is attached to their respective docket numbers. The linked documents speak for themselves, and so any alleged errors in their descriptions are not "material" to the appeal as required by Fed.R.App.P. 10(e).

(12)    Plaintiff alleges that notices of hearing were omitted from docket entries 6, 8, 10, 15, 16, 28, 29, 32 and 33. Hearings were not held regarding these respective filings. Accordingly, notices of hearing submitted by the Court were not omitted, because the Court did not send them to the parties. Any notices of hearing filed by the parties are included in the electronic file that is attached to their respective docket numbers. The linked documents speak for themselves, and so any alleged errors in their descriptions are not "material" to the appeal as required by Fed.R.App.P. 10(e).

(13)    Plaintiff asks the Court to fix docket entry 39 to add "re 30." The addition of "re 30" is not material, as the document that document number 39 links to speaks for itself, and any alleged errors in its description is not "material" to the appeal as required by Fed.R.App.P. 10(e).

(14)    Plaintiff seeks the change of a date in docket entry 35, claiming that it is not the same date as that which is on his "certified notice." The date of this Court's signature on the Order is the controlling date, and is the same date contained in docket entry 35. Docket entry 35 will not be changed.

(15)    Plaintiff seeks the change of a date in docket entry 36, claiming that it is not the same date as that which is on his "certified notice." The date of this Court's signature on the Order is the controlling date, and is the same date contained in docket entry 36. Docket entry 36 will not be changed.

(16) Plaintiff seeks addition of two letters to the docket sheet. Letters are not considered official court filings, and will not be added to the docket sheet.

Accordingly,

IT IS ORDERED that Plaintiff's motion to correct the record is DENIED.


s/Bernard A. Friedman
Bernard A. Friedman
United States District Judge

Dated: July 27, 2007

I hereby certify that a copy of the foregoing document was served upon Mark Schaefer and counsel of record on July 27, 2007, by electronic and/or ordinary mail.

s/Carol Mullins
Case Manager